UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
AUG 2 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DAVID SMITH,

    Plaintiff

v.                                      CIVIL NO. 4:13cv104

EQUIFAX INFORMATION SERVICES, LLC.

SERVE: Corporation Service Company, Registered Agent
          Bank of America Center, 16th Floor
          1111 East Main Street
          Richmond, Virginia 23219

    Defendant

## COMPLAINT

COMES NOW the Plaintiff, DAVID SMITH, by counsel, (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Venue is proper as Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia, Richmond Division.

### PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered

offices in Richmond, Virginia.

5. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

6. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

7. Prior to June, 2011, Plaintiff discovered that Bank of America had mixed his mortgage loan with an unrelated person also named David Smith.

8. Bank of America had inaccurately reported that the Plaintiff was in bankruptcy and in foreclosure to Equifax.

9. After multiple attempts to dispute these inaccuracies and have the information corrected, the Plaintiff sued Bank of America and Equifax under the FCRA.

10. In the lawsuit, Equifax learned additional information to confirm that the Bankruptcy credit reporting was inaccurate and incomplete.

11. On or about August 27, 2012 the Plaintiff entered into a Settlement Agreement with *Equifax* with regard to Plaintiff's prior disputes regarding the inaccurate reporting of Plaintiff's mortgage accounts with Bank of America.

12. Prior to December 17, 2012 Plaintiff was denied a personal loan with USAA Federal Savings Bank due to delinquent past or present credit. Plaintiff subsequently obtained a copy of his credit report and learned that Equifax was reporting the **Bank of America** mortgage account derogatorily as delinquent 120 days (Respectively the **Bank of America** Reporting).

13. The *Bank of America* Reporting was inaccurate. The Plaintiff had made all payments on time into the "special" Bank of America account specifically opened for the purpose of paying his first and second mortgages and Plaintiff continued to make monthly payments into said "special" account, however, Bank of America failed to automatically deduct same from the account.

14. On or about December 17, 2012, Plaintiff disputed the *Bank of America* accounts with Equifax.

15. On or about January 5, 2013, Equifax's Results of Investigation mailed to the Plaintiff advised that *Bank of America* had reported that the *Bank of America* mortgage account number 87258*** was updated to show the account as 120 days past due as of January, 2012.

16. *Equifax* had actual knowledge of the inaccuracy and deliberately chose to ignore and permit the reporting of the derogatory account.

17. *Equifax* received Plaintiff's dispute, but wholly and entirely failed to conduct the reinvestigations required by law. Instead, *Equifax* merely "parroted" the information dictated to them by *Bank of America* or ignored the dispute entirely.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)

18. The Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

20. As a result of this conduct, action and inaction of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other

emotional and mental distress.

21. Defendant's conduct, actions and inactions were willful, rendering the Defendant liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

22. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)

23. Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Defendant violated 15 U.S.C. §1681i(a) on multiple occasions by failing to maintain reasonable procedures in which to prevent the reinsertion of inaccurate and previously deleted of information in the Plaintiff's credit file.

25. Plaintiff also alleges on information and belief this Defendant violated §1681i, by its failure to forward Plaintiff's full dispute to Bank of America.

26. As a result of this conduct, action and inaction of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

27. Defendant's conduct, actions and inactions were willful, rendering the Defendant liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent entitling the Plaintiff to recover actual

damages under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory and punitive damages against each Defendant; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

DAVID SMITH,

By  *[signature: Susan M. Rotkis]*
Of Counsel

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
*Consumer Litigation Associates, P.C.*
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com
srotkis@clalegal.com

Counsel for Plaintiff