UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

DAVID SMITH,

    Plaintiff,

v.                                      Case No.: 4:13-cv-00104-HCH-TEM

EQUIFAX INFORMATION
SERVICES LLC,

    Defendant.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by undersigned counsel, hereby files its answer and defenses to Plaintiff's Complaint ("Complaint").

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1.    Equifax admits that Plaintiff purports to bring an action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (FCRA), but denies that it violated the FCRA in its handling of Plaintiff's credit file.

2. To the extent Plaintiff has properly alleged his claims, Equifax admits the Court may exercise its jurisdiction. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies same.

3. Equifax admits Plaintiff is a natural person and "consumer," as defined by the FCRA. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4. Responding to the allegations in Paragraph 4, Equifax states that it is a limited liability company with its principal place of business in Georgia and authorized to do business in Virginia.

5. Responding to the allegations in Paragraph 5, Equifax admits it is a "consumer reporting agency," as defined in the FCRA, and that it disburses consumer credit reports to third parties with a permissible purpose.

6. Equifax admits it disburses consumer credit reports to third parties with a permissible purpose and that it is paid for the reports.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies same.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies same.

9. Equifax admits that Plaintiff previously brought a suit against it. Equifax is without knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 9, and, therefore, denies same.

10. Equifax admits that Plaintiff's previous lawsuit concerned the reporting of a bankruptcy in Plaintiff's credit file. Equifax is without knowledge or information sufficient to

form a belief as to the truth of remaining allegations in Paragraph 10, and, therefore, denies same.

11. Equifax admits that it entered into an agreement to resolve Plaintiff's claims in the prior lawsuit.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 12, and, therefore, denies same.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies same.

14. Equifax admits that it received a letter from Plaintiff dated December 17, 2012, the content of which speaks for itself. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies same.

15. Equifax admits that it provided the results of its reinvestigation to Plaintiff on or about January 5, 2013. Equifax is without knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 15, and, therefore, denies same.

16. Equifax denies the allegations in Paragraph 16.

17. Equifax denies the allegations in Paragraph 17.

18. In response to Paragraph 18 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

19. Equifax denies the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax denies the allegations in Paragraph 21.

22. Equifax denies the allegations in Paragraph 22.

23. In response to Paragraph 23 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

24. Equifax denies the allegations in Paragraph 24.

25. Equifax denies the allegations in Paragraph 25.

26. Equifax denies the allegations in Paragraph 26.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax denies the allegations in Paragraph 28.

29. Equifax denies all allegations not expressly admitted or stated otherwise herein.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Equifax asserts that Plaintiff's Complaint fails in whole or in part to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

Equifax asserts the terms and provisions of its prior settlement agreement with Plaintiff.

## THIRD DEFENSE

Equifax has complied with the provisions of the FCRA in its handling of Plaintiff's credit file.

## FOURTH DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

**FIFTH DEFENSE**

Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**SIXTH DEFENSE**

Equifax has acted in good faith and without malice or intent to injure Plaintiff.

**SEVENTH DEFENSE**

Equifax reserves the right to assert additional defenses that it learns of through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax have a trial by jury on all issues so triable;

(3) That Equifax be dismissed as a party to this action;

(4) That this lawsuit be deemed frivolous and Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees; and

(5) That Equifax recover such other and additional relief, as the Court deems just and appropriate.

This 17th day of September, 2013.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services LLC
John W. Montgomery, Jr., Attorney, PLC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of September, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23606

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services LLC
John W. Montgomery, Jr., Attorney, PLC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com